OSCAR E. REHM, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 20633.   Promulgated November 7, 1930.

*Camden R. McAtee, Esq.*, for the petitioner.
*E. M. Neiss, Esq.*, for the respondent.

244

OPINION.

ARUNDELL: The only dispute in this case is whether the loss of $9,374.17 sustained by petitioner in 1921 was a "net loss" within the meaning of section 204(a) of the Revenue Act of 1921. That is, whether it was a loss "resulting from the operation of a trade or business regularly carried on by the taxpayer." It is not necessary that the trade or business be the taxpayer's principal occupation; it is enough if his activities are such that they may of themselves be regarded as a regular occupation for the purpose of livelihood or profit.

The evidence shows that petitioner has traded in the stock market since 1903. While in 1921 his duties as head of the brokerage firm occupied about three-fourths of the business day, at the same time he was carrying on his individual trading. His market information was useful and was used in conducting both his personal trading and the business of his firm. He was consulted as to his personal investments as well as for his opinion as head of the firm. In these circumstances it is difficult, if not impossible, to separate petitioner's personal business from that of his duties as head of the brokerage company and to say that only a small portion of his time was exclusively devoted to trading for himself. All of his time was devoted to acquiring and using one kind of information and such information was used in two ways—both for petitioner's personal transactions and for those of the firm. Both sorts of transactions were of the same character—the purchase and sale of securities,

and both had in view the production of income from dealing in securities. As pointed out in *Edgar L. Marston*, 18 B. T. A. 558, the net loss provision is a relief provision, and we think it should not be so narrowly construed as to deny its benefits where, as here, the taxpayer's personal business was of the same kind as that of the company of which he was president, particularly where the taxpayer's personal operations were carried on over a period of years with the regularity shown in this case, and where they reached the size and volume they did in the taxable year.

In our opinion petitioner is entitled to the deduction claimed. Cf. *T. I. Crane*, 17 B. T. A. 720; *E. D. Anthony*, 20 B. T. A. 5.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

Van Fossan dissents.